125481

| | |
|---|---|
| JIMMY CHOATE | NUMBER: |
| VERSUS | 26TH JUDICIAL DISTRICT COURT |
| JOSE T. ALCORTA-PAVON, TUFF TRANSPORT, INC., AND CAROLINA CASUALTY INSURANCE COMPANY | BOSSIER PARISH, LOUISIANA |

FILED AND RECORDED
BOSSIER PARISH, LA
2008 JAN 28 P 1:07

CLERK & EX-OFFICIO
RECORDER

DIV. A - BURCHETT

## PETITION

The petition of JIMMY CHOATE, a person of the full age of majority who is domiciled in Lincoln Parish, Louisiana, respectfully represents:

1.

The plaintiff in this lawsuit is JIMMY CHOATE and his permanent mailing address is 3565 Hwy 150, Simsboro, Louisiana 71275.

2.

Made defendants herein are:

(a) JOSE T. ALCORTA-PAVON, a foreign individual whose permanent address is 2610 Salters Court, Deltona, Florida 32738, and who may be served through the Louisiana Long-arm Statute and through the Louisiana Secretary of State, LA RS 13:3474-75;

(b) TUFF TRANSPORT, INC., a foreign corporation doing business in Louisiana whose principal address is 6658 State Road 544, Winter Haven, Florida 33881, and who may be served through their registered agent, Lawanda Price at the same address through the Louisiana Long-arm Statute and through the Louisiana Secretary of State, LA RS 13:3474-75; and,

(c) CAROLINA CASUALTY INSURANCE COMPANY a foreign insurer authorized to do and doing business in the State of Louisiana and who may be served through the Louisiana Secretary of State in Baton Rouge, Louisiana.

3.

On or about January 26, 2007, plaintiff JIMMY CHOATE was driving a 1996 Mazda Protégé bearing VIN# JM1BB1417T0319136, with no license plates, owned by The Car Depot, headed East on Interstate 20 in Bossier Parish at approximately milepost 35.5 when he encountered slowing traffic that resulted from another car wreck that had previously occurred at or about milepost 39 with Louisiana State Troopers directing the aforementioned slowing traffic.

4.

On information and belief, at or about the same location, date and time as the preceding paragraph, an unknown vehicle being operated by an unknown driver, came to an abrupt stop in the same lane and direction as plaintiff, 2 vehicles in front of the vehicle being driven by plaintiff, at which time plaintiff applied appropriate force to his brakes to avoid colliding with the vehicles in front of him.

5.

On the same date and time defendant JOSE T. ALCORTA-PAVON was driving a 2007 Peterbilt 18-Wheeler Truck & Trailer bearing VIN# 1XP5DB9X57N658382 and FL license plate No. F1239D, a commercial vehicle owned by defendant TUFF TRANSPORT, INC., on the same road in the same direction located directly behind plaintiff.

ENDORSED, FILED 1-28 20 08
LORANE M. CHARLES
DEPUTY CLERK

EXHIBIT

6.

Suddenly and without warning, defendant's vehicle struck the rear of plaintiff's vehicle, sending plaintiff's vehicle through the median and onto the other side of the interstate into oncoming traffic, and causing heavy damage to plaintiff's vehicle.

7.

Due to the carelessness, recklessness and negligence of defendant JOSE T. ALCORTA-PAVON, the vehicles collided causing significant damage to plaintiff's vehicle and causing great pain and suffering to the plaintiff as a result of his injuries.

8.

The cause of the aforementioned accident was due to the carelessness, recklessness and negligence of the defendants, whose carelessness, recklessness and negligence consisted of the following non-exclusive acts, to wit:

- A. failing to yield to a stopped motorist in front of him;
- B. failure to keep a proper lookout;
- C. failure to maintain proper control of the vehicle;
- D. other acts of negligence known exclusively to the defendants which will be proven at the trial of this matter.

9.

As a result of the injuries endured by plaintiff due to the fault of the defendants, plaintiff was required to seek treatment from various doctors and health care providers and has incurred and will incur in the future medical expenses for the treatment of his injuries for all of which defendants are liable in solido.

10.

As a result of the negligence of defendants, plaintiff has suffered and will continue to suffer pain and suffering both physical and mental, and as a result of his injuries, plaintiff was required to miss work and/or suffered limitations on his ability to work and has therefore lost wages for all of which defendants are liable in solido.

11.

Plaintiff avers on information and belief that at the time of the accident in question defendant JOSE T. ALCORTA-PAVON was an employee of defendant TUFF TRANSPORT, INC. operating the aforementioned vehicle, owned by TUFF TRANSPORT, INC. in the course and scope of his duties as an employee and therefore defendant TUFF TRANSPORT, INC. is liable in solido for all damages caused in this accident.

12.

Plaintiff avers that whether or not defendant JOSE T. ALCORTA-PAVON is an employee, on information and belief, defendant TUFF TRANSPORT, INC. negligently entrusted the aforementioned vehicle to defendant JOSE T. ALCORTA-PAVON and is therefore liable in solido for all damages in this lawsuit.

13.

Defendant CAROLINA CASUALTY INSURANCE COMPANY provided an insurance policy pursuant to policy number CTP345516 issued to defendant TUFF TRANSPORT, INC. which was in full force and effect on the date of the accident in question and is therefore liable in solido for all damages in this lawsuit.

14.

Defendant CAROLINA CASUALTY INSURANCE COMPANY has within its exclusive possession the original and/or a certified copy of the policy of insurance providing coverage to defendant on the date and time of the accident which is the subject matter of this lawsuit and same is indispensable to the preparation and trial of plaintiff's case.

15.

Defendant CAROLINA CASUALTY INSURANCE COMPANY should be ordered to file into the record herein within thirty days of service of this petition on it the original and/or a certified copy of the insurance policy it issued to defendant TUFF TRANSPORT, INC. and which provided the coverage aforementioned on the date of this accident.

16.

Plaintiff avers that he has sustained, due to the negligence of defendants, mental and physical injuries, the loss of wages, loss of earning capacity, physical disability, disfigurement, and medical expenses, both past and future in all forms of damage, and he is entitled to a judgment against the defendants herein, in solido for all damages as are reasonable in the premises.

17.

Plaintiffs is entitled to all equity in the premises.

**WHEREFORE PLAINTIFF PRAYS:**

I. That the defendants be duly cited and served with a certified copy of this petition and after all delays and due proceeding had, there be judgment in favor of plaintiff and against defendants JOSE T. ALCORTA-PAVON, TUFF TRANSPORT, INC., and CAROLINA CASUALTY INSURANCE in solido for all damages as are reasonable in the premises;

II. That Defendant CAROLINA CASUALTY INSURANCE be ordered to file into the record herein, within thirty days of the service of this petition on it, the original and/or a certified copy of

the policy of insurance providing coverage to defendant TUFF TRANSPORT, INC. on the date of the accident in question;

    III.    That all costs be taxed against defendants;

    IV.    For all general and equitable relief;

Respectfully submitted,

*Christopher D. Broussard*
Christopher D. Broussard
LBA No. 27188
P.O. Box 6481
Shreveport, Louisiana 71136
Tel: (318)797-8440
Fax: (318)797-8851

ATTORNEY FOR PLAINTIFF JIMMY CHOATE

Service Information

CAROLINA CASUALTY INSURANCE COMPANY
Through The Louisiana Secretary of State

JOSE T. ALCORTA-PAVON
Through The Louisiana Secretary of State and
Via the Louisiana Long-Arm Statute at
2610 Salters Court, Deltona, Florida 32738

TUFF TRANSPORT, INC.
Through The Louisiana Secretary of State and
Via the Louisiana Long-Arm Statute at
6658 State Road 544, Winter Haven, Florida 33881